# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

RODRIGUEZ MENDOZA GUADALUPE,

*Defendant.*

Case No. 09-10055-01-EFM

## ORDER

On June 7, 2011, Defendant Guadalupe Rodriguez-Mendoza pled guilty to a violation of 18 U.S.C. § 922(g)(5) pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.[1] The Court sentenced Defendant on August 24, 2011 to three years imprisonment, and the clerk entered judgment on August 30, 2011.[2] The matter is currently before the Court on Defendant's motion for copies of his sentencing and plea transcripts.[3] Defendant indicates that he needs copies of the transcripts so that he can file a 28 U.S.C. § 2255 motion.[4]

---

[1] *See* Docs. 16, 17.

[2] Doc. 20. The Clerk entered an Amended Judgment on September 1, 2011. Doc. 22.

[3] Doc. 24.

[4] Defendant also requests that the Court provide him with an estimate of the costs to obtain these transcripts and whether he is entitled to a fee waiver due to his incarceration. As to the costs associated with filing a § 2255 motion, no filing fee is required for filing the motion. *See United States v. Garcia*, 164 F. App'x 785, 786 (10th Cir. 2006).

28 U.S.C. § 753(f) governs the request by indigent prisoners for free transcripts. There are several reasons for denying Defendant's motion. First, because Defendant has not yet filed a § 2255 motion, his request is not yet ripe.[5] Second, even if the Court considered Defendant's request, he does not state a particularized need for the transcript as required under § 753(f).[6] A prisoner does not have a right to a free transcript simply to search for error in the record.[7] Finally, to obtain a free copy of a transcript, a habeas petitioner must demonstrate that his claim is not frivolous.[8] Defendant does not come forward with any specific factual allegations demonstrating that he may have non-frivolous § 2255 claims. As such, the Court denies his request for copies of sentencing and plea transcripts.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Copies of Federal Sentencing Transcript and Plea Transcripts (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] *See United States v. Adams*, 2007 WL 1302543, at *1 (D. Kan. May 3, 2007); *United States v. Horvath*, 157 F.3d 131, 133 (2d Cir. 1998). *See also Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (declining to determine whether the actual filing of a § 2255 motion is a prerequisite to a §753(f) transcript request).

[6] *See Sistrunk*, 992 F.2d at 259.

[7] *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

[8] *See Sistrunk*, 992 F.2d at 259; 28 U.S.C. § 753(f) (requiring the trial judge or circuit judge to certify that the appeal is not frivolous before an indigent prisoner is entitled to a free transcript for a proceeding brought under § 2255).